UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSE RIVERA,

       Plaintiff,

v.

AVIATION MANAGEMENT
SALES, LLC, BRIAN HINKLE and
MILDRED GARAY,

       Defendants.
_____/

# C O M P L A I N T

Plaintiff, JOSE RIVERA, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, AVIATION MANAGEMENT SALES, LLC, BRIAN HINKLE and MILDRED GARAY, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was an employer as defined by the FLSA.

6. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was Plaintiff's employer as defined by the FLSA.

7. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was Plaintiff's employer.

8. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was an LLC in the State of Florida.

9. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was conducting business in this judicial district.

10. At all times material hereto, AVIATION MANAGEMENT SALES, LLC's principal place of business was in Fort Pierce, Florida.

11. At all times material hereto AVIATION MANAGEMENT SALES, LLC had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

12. AVIATION MANAGEMENT SALES, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

13. AVIATION MANAGEMENT SALES, LLC, upon information and belief, had anticipated revenue in excess of $500,000 per annum.

14. At all times during Plaintiff's employment, BRIAN HINKLE was Plaintiff's employer as defined by law.

15. At all times during Plaintiff's employment, BRIAN HINKLE was the owner of AVIATION MANAGEMENT SALES, LLC.

16. At all times during Plaintiff's employment, BRIAN HINKLE was an officer of

AVIATION MANAGEMENT SALES, LLC.

17. At all times during Plaintiff's employment, BRIAN HINKLE was the President and Director of AVIATION MANAGEMENT SALES, LLC.

19. At all times during Plaintiff's employment, BRIAN HINKLE was paid a salary by AVIATION MANAGEMENT SALES, LLC.

20. At all times during Plaintiff's employment, BRIAN HINKLE shared in or was entitled to a share of the profits of AVIATION MANAGEMENT SALES, LLC.

21. At all times during Plaintiff's employment, BRIAN HINKLE had operational control over AVIATION MANAGEMENT SALES, LLC.

22. At all times during Plaintiff's employment, BRIAN HINKLE was directly involved in decisions affecting employee compensation and hours worked by employees.

23. At all times during Plaintiff's employment, BRIAN HINKLE controlled the finances for AVIATION MANAGEMENT SALES, LLC.

24. At all times during Plaintiff's employment, BRIAN HINKLE was Plaintiff's manager and/or supervisor.

25. At all times during Plaintiff's employment, BRIAN HINKLE's primary duty was to manage and/or supervise AVIATION MANAGEMENT SALES, LLC.

26. At all times during Plaintiff's employment, BRIAN HINKLE customarily and regularly directed the work of all employees at AVIATION MANAGEMENT SALES, LLC.

27. At all times during Plaintiff's employment, BRIAN HINKLE had the authority to hire or fire other employees.

28. At all times during Plaintiff's employment, BRIAN HINKLE made suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of

other employees were given particular weight.

29. At all times during Plaintiff's employment, MILDRED GARAY was Plaintiff's employer as defined by law.

30. At all times during Plaintiff's employment, MILDRED GARAY was an owner of AVIATION MANAGEMENT SALES, LLC.

31. At all times during Plaintiff's employment, MILDRED GARAY was an officer of AVIATION MANAGEMENT SALES, LLC.

32. At all times during Plaintiff's employment, MILDRED GARAY was the Chief Financial Officer of AVIATION MANAGEMENT SALES, LLC.

33. At all times during Plaintiff's employment, MILDRED GARAY was paid a salary by AVIATION MANAGEMENT SALES, LLC.

34. At all times during Plaintiff's employment, MILDRED GARAY shared in or was entitled to a share of the profits of AVIATION MANAGEMENT SALES, LLC.

35. At all times during Plaintiff's employment, MILDRED GARAY had operational control over AVIATION MANAGEMENT SALES, LLC.

36. At all times during Plaintiff's employment, MILDRED GARAY was directly involved in decisions affecting employee compensation and hours worked by employees.

37. At all times during Plaintiff's employment, MILDRED GARAY controlled the finances for AVIATION MANAGEMENT SALES, LLC.

38. At all times during Plaintiff's employment, MILDRED GARAY was Plaintiff's manager and/or supervisor.

39. At all times during Plaintiff's employment, MILDRED GARAY's primary duty was to manage and/or supervise AVIATION MANAGEMENT SALES, LLC.

40. At all times during Plaintiff's employment, MILDRED GARAY customarily and regularly directed the work of all employees at AVIATION MANAGEMENT SALES, LLC.

41. At all times during Plaintiff's employment, MILDRED GARAY had the authority to hire or fire other employees.

42. At all times during Plaintiff's employment, MILDRED GARAY made suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

43. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was individually engaged in interstate commerce.

44. While working for AVIATION MANAGEMENT SALES, LLC, a substantial part of Plaintiff's work was to perform heavy checks, repairs, fabrication of parts, modifications and corrosion control treatment on aircraft, replacement of aircraft structural components in accordance with drawings, blueprints, directives, technical manuals and safety procedures.

45. While working for AVIATION MANAGEMENT SALES, LLC, a substantial part of Plaintiff's work was to work on aircrafts and parts from out of state.

46. While working for AVIATION MANAGEMENT SALES, LLC, a substantial part of Plaintiff's work was to work on aircrafts and parts destined to go out of state.

47. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was individually engaged in interstate commerce.

48. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was individually engaged in interstate commerce.

49. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was regularly a party to interstate orders.

50. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was regularly a party to interstate sales.

51. While working for AVIATION MANAGEMENT SALES, LLC Plaintiff was regularly a party to production of good or services for interstate commerce.

52. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff regularly used the internet.

54. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff regularly used e-mail.

55. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff received calls from out of state and passed those calls along to others at AVIATION MANAGEMENT SALES, LLC.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

56. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 above.

57. Plaintiff was employed by Defendants from approximately August 2016 to August 2019.

58. Plaintiff was initially employed by Defendants to work on aircrafts and aircraft parts then was transferred to work in Defendants' office.

59. Plaintiff's primary duties and responsibilities included maintaining aircraft calibration programs, keeping inventory of aircraft parts, documenting and maintaining forms regarding aircraft parts inspections and status of serviceability, maintaining all company employees training records, preparing for any federal inspections and ensuring all inventory of aircraft parts were properly stored and labeled.

60. Plaintiff was paid at a rate of $ 25.00 per hour when he was first employed, then took a reduction in pay to $20.00 per hour, later received a raise to $22.50 per hour, and then another raise to $25.00 per hour.

61. Plaintiff was not paid on a salary basis.

62. Plaintiff was not paid the same amount each week.

63. Plaintiff's weekly pay was subject to reduction based on quantity of work performed.

64. Plaintiff's weekly pay was subject to reduction based on the number of hours he worked.

65. Plaintiff's weekly pay was subject to reduction if he worked less than forty (40) hours.

66. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

67. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

68. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

69. Defendants knew or showed reckless disregard of the above FLSA violations.

70. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

71. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

72. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages,

liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

COUNT II – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2016

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 above.

74. Plaintiff was employed by AVIATION MANAGEMENT SALES, LLC from approximately August 2016 to August 2019.

75. In 2016, Plaintiff was an employee of AVIATION MANAGEMENT SALES, LLC

76. In 2016, Plaintiff was not an independent contractor while working for AVIATION MANAGEMENT SALES, LLC.

75. In 2016, Plaintiff performed work for AVIATION MANAGEMENT SALES, LLC.

76. In 2016, Plaintiff was employed by AVIATION MANAGEMENT SALES, LLC on a full-time basis.

77. In 2016, Plaintiff worked approximately 40 hours for AVIATION MANAGEMENT SALES, LLC on a weekly basis.

78. In 2016, Plaintiff worked for AVIATION MANAGEMENT SALES, LLC at its facility, located at or about 2916 Curtis King Boulevard, Hanger E-19, Fort Pierce, Florida 34946.

79. In 2016, Plaintiff used the tools and equipment of AVIATION MANAGEMENT SALES, LLC when performing work for AVIATION MANAGEMENT SALES, LLC.

80. In 2016, Plaintiff did not set his own hours while working for AVIATION MANAGEMENT SALES, LLC.

81. In 2016, Plaintiff's workdays and work hours were set by AVIATION MANAGEMENT SALES, LLC, not Plaintiff.

82. In 2016, Plaintiff's work schedule was set by AVIATION MANAGEMENT SALES,

LLC.

83. In 2016, Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

84. In 2016, Defendants paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s and/or 1099's to Plaintiff for each calendar year during which Plaintiff performed work for AVIATION MANAGEMENT SALES, LLC, and the filing of correct information returns on behalf of Plaintiff and AVIATION MANAGEMENT SALES, LLC.

85. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return in calendar year 2016 by providing the IRS and Plaintiff with a 1099 rather than a W-2 form.

86. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2016 caused by Defendants' intentional and willful acts as described above.

87. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies

asserted as a result of such filing),

    (2) the costs of the action, and

    (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, JOSE RIVERA, demands the entry of a judgment in Plaintiff's favor and against Defendants, AVIATION MANAGEMENT SALES, LLC, BRIAN HINKLE and MILDRED GARAY, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2016 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

### COUNT III – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2017

88. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 above.

89. Plaintiff was employed by AVIATION MANAGEMENT SALES, LLC from approximately August 2016 to August 2019.

90. In 2017, Plaintiff was an employee of AVIATION MANAGEMENT SALES, LLC.

91. In 2017, Plaintiff was not an independent contractor while working for AVIATION MANAGEMENT SALES, LLC.

92. In 2017, Plaintiff performed work for AVIATION MANAGEMENT SALES, LLC.

93. In 2017, Plaintiff was employed by AVIATION MANAGEMENT SALES, LLC on a full-time basis.

94. In 2017, Plaintiff worked approximately 40 hours for AVIATION MANAGEMENT

SALES, LLC on a weekly basis.

95. In 2017, Plaintiff worked for AVIATION MANAGEMENT SALES, LLC at its facility, located at or about 2916 Curtis King Boulevard, Hanger E-19, Fort Pierce, Florida 34946.

96. In 2017, Plaintiff used the tools and equipment of AVIATION MANAGEMENT SALES, LLC when performing work for AVIATION MANAGEMENT SALES, LLC.

97. In 2017, Plaintiff did not set his own hours while working for AVIATION MANAGEMENT SALES, LLC.

98. In 2017, Plaintiff's workdays and work hours were set by AVIATION MANAGEMENT SALES, LLC, not Plaintiff.

99. In 2017, Plaintiff's work schedule was set by AVIATION MANAGEMENT SALES, LLC.

100. In 2017, Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

101. In 2017, Defendants paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s and/or 1099's to Plaintiff for each calendar year during which Plaintiff performed work for AVIATION MANAGEMENT SALES, LLC, and the filing of correct information returns on behalf of Plaintiff and AVIATION MANAGEMENT SALES, LLC.

102. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return in calendar year 2017 by providing the IRS and Plaintiff with a 1099 rather than a W-2 form.

103. Plaintiff suffered damages as a result of Defendants' willful provision of false

information return in 2017 caused by Defendants' intentional and willful acts as described above.

104. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, JOSE RIVERA, demands the entry of a judgment in Plaintiff's favor and against Defendants, AVIATION MANAGEMENT SALES, LLC, BRIAN HINKLE and MILDRED GARAY, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2017 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

COUNT IV – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2018

105. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

55 above.

106. Plaintiff was employed by AVIATION MANAGEMENT SALES, LLC from approximately August 2016 to August 2019.

107. In 2018, Plaintiff was an employee of AVIATION MANAGEMENT SALES, LLC.

108. In 2018, Plaintiff was not an independent contractor while working for AVIATION MANAGEMENT SALES, LLC.

109. In 2018, Plaintiff performed work for AVIATION MANAGEMENT SALES, LLC.

110. In 2018, Plaintiff was employed by AVIATION MANAGEMENT SALES, LLC on a full-time basis.

111. In 2018, Plaintiff worked approximately 40 hours for AVIATION MANAGEMENT SALES, LLC on a weekly basis.

112. In 2018, Plaintiff worked for AVIATION MANAGEMENT SALES, LLC at its facility, located at or about 2916 Curtis King Boulevard, Hanger E-19, Fort Pierce, Florida 34946.

113. In 2018, Plaintiff used the tools and equipment of AVIATION MANAGEMENT SALES, LLC when performing work for AVIATION MANAGEMENT SALES, LLC.

114. In 2018, Plaintiff did not set his own hours while working for AVIATION MANAGEMENT SALES, LLC.

115. In 2018, Plaintiff's workdays and work hours were set by AVIATION MANAGEMENT SALES, LLC, not Plaintiff.

116. In 2018, Plaintiff's work schedule was set by AVIATION MANAGEMENT SALES, LLC.

117. In 2018, Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

118. In 2018, Defendants paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s and/or 1099's to Plaintiff for each calendar year during which Plaintiff performed work for AVIATION MANAGEMENT SALES, LLC, and the filing of correct information returns on behalf of Plaintiff and AVIATION MANAGEMENT SALES, LLC.

119. In 2018, Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return in calendar year 2018 by providing the IRS and Plaintiff with a 1099 rather than a W-2 form.

120. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2018 caused by Defendants' intentional and willful acts as described above.

121. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, JOSE RIVERA, demands the entry of a judgment in Plaintiff's favor and against Defendants, AVIATION MANAGEMENT SALES, LLC, BRIAN HINKLE and MILDRED GARAY, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2018 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## COUNT V – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2019

122. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 above.

123. Plaintiff was employed by AVIATION MANAGEMENT SALES, LLC from approximately August 2016 to August 2019.

124. In 2019, Plaintiff was an employee of AVIATION MANAGEMENT SALES, LLC.

125. In 2019, Plaintiff was not an independent contractor while working for AVIATION MANAGEMENT SALES, LLC.

126. In 2019, Plaintiff performed work for AVIATION MANAGEMENT SALES, LLC during calendar years 2016-2019.

127. In 2019, Plaintiff was employed by AVIATION MANAGEMENT SALES, LLC on a full-time basis.

128. In 2019, Plaintiff worked approximately 40 hours for AVIATION MANAGEMENT SALES, LLC on a weekly basis.

129. In 2019, Plaintiff worked for AVIATION MANAGEMENT SALES, LLC at its facility, located at or about 2916 Curtis King Boulevard, Hanger E-19, Fort Pierce, Florida 34946.

130. In 2019, Plaintiff used the tools and equipment of AVIATION MANAGEMENT SALES, LLC when performing work for AVIATION MANAGEMENT SALES, LLC.

131. In 2019, Plaintiff did not set his own hours while working for AVIATION MANAGEMENT SALES, LLC.

132. In 2019, Plaintiff's workdays and work hours were set by AVIATION MANAGEMENT SALES, LLC, not Plaintiff.

133. In 2019, Plaintiff's work schedule was set by AVIATION MANAGEMENT SALES, LLC.

134. In 2019, Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

135. In 2019, Defendants paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s and/or 1099's to Plaintiff for each calendar year during which Plaintiff performed work for AVIATION MANAGEMENT SALES, LLC, and the filing of correct information returns on behalf of Plaintiff and AVIATION MANAGEMENT SALES, LLC.

136. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return in calendar year 2019 by providing the IRS and Plaintiff with a 1099 rather than a W-2 form.

137. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2019 caused by Defendants' intentional and willful acts as described above.

138. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, JOSE RIVERA, demands the entry of a judgment in Plaintiff's favor and against Defendants, AVIATION MANAGEMENT SALES, LLC, BRIAN HINKLE and MILDRED GARAY, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2019 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, JOSE RIVERA, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

*Jose Rivera*
JOSE RIVERA, as Plaintiff

3 July 2020
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By: */s/Todd W. Shulby, Esq.*
     Todd W. Shulby, Esq.
     Florida Bar No.: 068365