# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:20-cv-14228-DMM

JOSE RIVERA,

      Plaintiff,

v.

AVIATION MANAGEMENT
SALES, LLC, AVIATION MANAGEMENT
& REPAIRS, INC., BRIAN HINKLE and
MILDRED GARAY,

      Defendants.
_____/

## SETTLEMENT AGREEMENT

1. This Settlement Agreement (hereinafter referred to as "Agreement") covers all understandings between Jose Rivera (hereinafter referred to as "Plaintiff"), on the one hand, and Aviation Management Sales, LLC, Aviation Management & Repairs, Inc., Brian Hinkle and Mildred Garay (hereinafter collectively referred to as "Defendants"), on the other hand.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A.    To voluntarily dismiss the above-styled action (hereinafter, the "Action"), with prejudice, including all claims and counterclaims that were or could have been included in this Action.

    B.    Plaintiff understands that payment by Defendants pursuant to Paragraph 3 of this Agreement will not be released to Plaintiff until the voluntary dismissal with prejudice is filed, the case is dismissed with prejudice, and the Court approves this Agreement, if necessary.

    C.    To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

3.  For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree as follows:

   A.  Defendants, jointly and severally, agrees to pay the total lump sum of $8,000.00 ("Agreed Sum") to Plaintiff and Plaintiff's counsel as damages, including unpaid wages and liquidated damages, attorney's fees and costs. Defendants' agreement to pay the Agreed Sum was not contingent upon any particular allocation of amounts between Plaintiff and his counsel for damages, attorney's fees and costs.

   B.  In payment of the Agreed Sum, Defendants will issue three separate checks to Plaintiff and/or Plaintiff's counsel, as follows: (1) $766.04 to Plaintiff for alleged unpaid overtime wages, less legal withholdings, deductions and payroll taxes, to represent alleged back wages (a W-2 form will be issued to Plaintiff with respect to this amount); (2) $766.04 to Plaintiff for other alleged damages (a 1099 form will be issued to Plaintiff for this amount); and (3) $6,467.92 to Todd W. Shulby, P.A., for attorney's fees and costs related to this Action and Agreement (a 1099 for will be issued to Todd W. Shulby, P.A. (59-3773230) for this amount and will provide the relevant Tax Identification Number for this purpose). The foregoing amounts will be referred to herein as the "Settlement Proceeds." The Settlement Proceeds shall be delivered by Defendants to Plaintiff's counsel within five (5) days of the day the Court dismisses the action.

   C.  To voluntarily dismiss the Action, with prejudice, including all claims and counterclaims that were or could have been raised in this action.

4.  Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to insure and review the Agreement and to advise each Party concerning how all of the terms and conditions set forth therein may affect their future tax liabilities. The Parties hereto hereby acknowledge and agree that each has had the opportunity to retain its, his or her own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Agreement. Further, the Parties hereby acknowledge that that have not relied upon the tax implications of this Agreement. Further, the Parties acknowledge and agree that their signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice. All Parties acknowledge that its, his or her attorney provided them no tax advice and they have not relied on any representations of their lawyer in providing tax advice.

5.  In exchange for the consideration described herein, Plaintiff and Defendants release each other from any and all claims or demands they had, have, or may hereafter have (through the date of this Agreement) against each other based on any and all claims that may have against each other with respect to the hours worked by Plaintiff for Defendants, including claims Defendants may have concerning hours that Plaintiff did not work for Defendants but for which Plaintiff was paid by Defendants (e.g. Defendants' counterclaim). This release of claims includes any rights or claims the parties may have under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and any claims which could have been or could be brought under any other federal, state or local laws,

ordinances, or regulations pertaining to wages, including claims for overpaid wages, unpaid wages, overtime wages or minimum wages, claims or rights under any state and federal legislation including, but not limited to, the Age Discrimination in Employment Act of 1967, as amended [29 U.S.C. §§ 621 - 634], the Americans with Disabilities Act, as amended [42 U.S.C. §§ 12101 - 12213], the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended [Pub. L. 99-509], the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §§ 1001 - 1461], the Equal Pay Act, as amended [29 U.S.C. § 206(d)], the Fair Labor Standards Act, as amended   [29 U.S.C. §§ 201 - 219], the Florida Minimum Wage Act [Fla. Stat. § 448.110], the Family and Medical Leave Act, as amended [29 U.S.C. §§ 2601 - 2654], the National Labor Relations Act, as amended [29 U.S.C. §§ 151 - 169], the Occupational Safety and Health Act, as amended [29 U.S.C. §§ 651 - 678], the Older Workers Benefit Protection Act, as amended, [as codified at 29 U.S.C. § 626(f)], Title VII of the Civil Rights Act of 1964, as amended   [42 U.S.C. §§ 2000e - 2000e-17], 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, as amended [§§ 760.01 - 760.13, Fla. Stat. (2007)], the Florida Whistle-Blower Act [§§ 448.101 - 448.105, Fla. Stat. (2007)], Fla. Stat. § 440.205, and any other claim of any kind related to Plaintiff's employment or rights flowing from his employment by Defendants.

6. In the event that Plaintiff, Plaintiff's counsel, or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. This includes any action taken to collect or enforce payment of the Settlement Proceeds by Plaintiff or Plaintiff's counsel. The Parties agree that Todd W. Shulby, P.A. has an interest in the payment of the Settlement Proceeds and can maintain an action to collect any attorney's fees and costs owed to Todd W. Shulby, P.A. The Parties agree to request that the Court in this Action retain jurisdiction to enforce this Agreement. Except as otherwise set forth herein, any action to enforce this Agreement shall be brought in this Court, but if the Court does not retain jurisdiction over this Action, then the action will be brought in such other court as has jurisdiction. If this Court does not retain jurisdiction over this Action, the Parties consent to Broward County, Florida, for purposes of jurisdiction and venue, over any dispute or action concerning alleged unpaid Settlement Proceeds, including attorney's fees and/or costs.

7. Plaintiff and Defendants agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants and is the full and final understanding, agreement which includes all discussions between the parties. No cancellation, modification, amendment, deletion, addition, or other changes in the Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendant.

9. With the exception of the requirement that Defendants pay the Settlement Proceeds set forth herein, should any other provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal, invalid or unenforceable part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10. The substantive law governing this Agreement shall be that of the State of Florida.

11. This Agreement may be executed in any number of counterparts, all together will constitute the fully executed Agreement.

12. Signatures to this Agreement may be exchanged by mail, facsimile or electronically (e.g. scanned PDF transmitted by e-mail).

PLAINTIFF:

JOSE RIVERA

_____
JOSE RIVERA

DEFENDANTS:

AVIATION MANAGEMENT SALES, LLC

By: _____

Print Name: Brian Hinkle

AVIATION MANAGEMENT & REPAIR, INC.

By: _____

Print Name: Brian Hinkle

BRIAN HINKLE

_____
BRIAN HINKLE

MILDRED GARAY

_____
MILDRED GARAY