UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-14228-CV-MIDDLEBROOKS

JOSE RIVERA,

    Plaintiff,

v.

AVIATION MANAGEMENT SALES, LLC, et al.,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE

THIS CAUSE comes before the Court upon the Parties' Renewed Joint Motion for Approval of Settlement, filed on September 25, 2020. (DE 21). For the following reasons, the Motion is granted in part.

Plaintiff initiated this action on July 6, 2020, alleging, *inter alia*, violations of overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (DE 1; DE 10). On September 9, 2020, the Parties advised the Court that they had settled all claims in this action and moved for dismissal. (DE 18). However, because the requested attorneys' fees appeared to be excessive and thus not reasonable, I denied the Parties' Joint Motion for Approval of Settlement. (DE 19 at 2). I granted the Parties leave to file a renewed motion and advised them to attach detailed time records in order to establish the reasonableness of the requested fees. (*Id.*).

Now, the Parties have filed a Renewed Joint Motion for Approval of Settlement with time records attached. (DE 21). The Parties' Settlement Agreement still provides for a recovery of $1,532.08 for Plaintiff, and $6,467.92 for Plaintiff's attorneys. (DE 21-1).

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354.

If a plaintiff prevails in an FLSA action, the court must also "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "As this provision makes clear, the key metric . . . is 'reasonableness.'" *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

I previously advised the Parties that the requested attorneys' fees of $6,467.92 appeared to be excessive in light of the record and Plaintiff's recovery of $1,532.08. (DE 19 at 2). Yet the present Motion fails to provide any further explanation as to why such high fees are justified in a non-complex FLSA case that was pending for only two months and in which Plaintiff submitted no substantive filings. It again simply states that the fees are reasonable because Plaintiff received a full recovery of the alleged damages and Plaintiff's counsel incurred approximately $600 in costs and spent over 30 hours working on this case at an hourly rate of $300. (DE 21 at 4–5). Plaintiff's counsel provides no support for its hourly rate of $300 or for the excessive time spent in litigating this matter.

Based upon a holistic review of this case, including its minimal record and straightforward legal issues, and my comprehensive review of the time records, I find that the requested attorneys' fees are unreasonable and therefore must be reduced. I note that the requested amount has already been reduced from a total of $11,130 in attorneys' fees and costs charged to Plaintiff in this case.

(DE 21-3 at 6). While such a reduction was undoubtedly warranted, the requested amount of $6,467.92 must be further reduced to be considered reasonable given the facts and circumstances of this case. I find particularly problematic that Plaintiff's counsel failed to justify its high hourly rate, and also failed to sufficiently explain why this case required the expenditure of attorney time reflected in the time records. Accordingly, I will reduce the requested attorneys' fees by 50%, resulting in a total of $3,233.96 for attorneys' fees and costs in this matter.

Having reviewed the Parties' Renewed Joint Motion for Approval of Settlement (DE 21), and the Court being otherwise fully advised in the premises, the Court finds that the Parties' Settlement Agreement (DE 21-1), excluding the settlement amount for attorneys' fees, reflects a reasonable compromise over contested litigation to resolve bona fide disputes under the FLSA.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Parties' Renewed Joint Motion for Approval of Settlement (DE 21) is **GRANTED IN PART**.

2. The Court **APPROVES** the Settlement Agreement (DE 21-1)—excluding the settlement amount for attorneys' fees—as a fair, adequate, and reasonable settlement of the claims at issue. The Court **DENIES** the Settlement Agreement's settlement amount of $6,467.92 for attorneys' fees as unreasonable given the facts and circumstances of this case.

3. For the reasons set forth above, the Court **REDUCES** the requested settlement amount of $6,467.92 for attorneys' fees by 50%. Therefore, the Court **APPROVES** the settlement amount of $3,233.96 for attorneys' fees and costs as reasonable.

4. This action is **DISMISSED WITH PREJUDICE**.

5. The Clerk of Court shall **CLOSE** this case.

6. All pending motions are **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 15th day of October, 2020.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record